UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ABDULAZIZ TABASI,

                  Petitioner,                  Case No. 1:26-cv-1737

v.                                        Honorable Paul L. Maloney

MARKWAYNE MULLIN et al.,

                  Respondents.
_____/

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**I.      Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.8.)

In an order entered on June 2, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response and a recording of the January 14, 2026, bond hearing on June 5, 2026. (Resp., ECF No. 4; Recording of Jan. 14, 2026, Bond Hearing, filed on Jun. 5, 2026.) Petitioner filed his reply on July 7, 2026, (ECF No. 9).

## II.    Relevant Factual Background

Petitioner is Palestinian, born in the Gaza Strip. (Pet., ECF No. 1, PageID.2.) He was admitted to the United States on April 15, 2026, as a B2 nonimmigrant visitor for pleasure or tourism with authorization to remain in the United States until October 14, 2026. (*Id.*, PageID.3; 2025 Form I-213, ECF No. 4-1, PageID.33.) Petitioner did not depart the United States. (*See id.*)

On December 12, 2025, ICE agents arrested Petitioner after Petitioner was detained by local law enforcement during routine screening in Petitioner's work as a truck driver. (2025 Form I-213, ECF No. 4-1, PageID.33.) The Department of Homeland Security (DHS) charged Petitioner with being in violation of Section 237(a)(1)(B) of the Immigration and Nationality Act (INA) because Petitioner "remained in the United States for a time longer than permitted." (*Id.*, PageID.34.)

On January 14, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration Judge Order, ECF No. 4-2, PageID.37.) Following that hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "the Court finds that [Petitioner] is a flight risk and that no amount of bond will ensure [Petitioner's] appearance at future court hearings." (*Id.*)

On February 23, 2026, an immigration judge ordered Petitioner removed to Isreal. (Reply, ECF No. 9, PageID.52.) Petitioner filed a timely appeal of that decision, which remains pending. (*Id.*); EOIR Automated Case Information, https://acis.eoir.justice.gov/en/ ("A-Number" enter "209035978," "Nationality" enter "Israel") (last visited July 9, 2026).

## III.    Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue

writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.    Discussion

In his petition, Petitioner argues that his detention is unreasonable under 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001) because his removal "is not reasonably foreseeable." (Pet., ECF No. 1, PageID.1, 5–8.) However, Petitioner's appeal to the BIA remains pending. Therefore, Petitioner's order of removal is not "administratively final" for purposes of the INA, making § 1231 and *Zadvydas* inapplicable to Petitioner's detention.

Section 1231 of Title 8, titled, "Detention and removal of aliens ordered removed," provides in relevant part that, "[d]uring the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). However, as relevant to this case, the removal period does not begin to run until "[t]he date the order of removal becomes administratively final." *Id.* § 1231(a)(1)(B)(i). For the purposes of § 1231(a)(1)(B)(i), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." *Id.* § 1101(a)(47)(B); *see Jusufi v. Chertoff*, No. 07-15450, 2007 WL 4591760, at *4 (E.D. Mich. Dec. 28, 2007) (discussing that a final removal order becomes administratively final when the BIA denies an appeal of it); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 534–35 (2021) ("[O]nce the BIA has reviewed [and affirmed] the [removal] order (or the time for seeking the BIA's review has expired), DHS is free to remove the alien *unless* a court issues a stay. That reinforces why Congress included 'administratively' before the word 'final' in the first provision."). Because Petitioner's appeal to the BIA remains pending,

§ 1231 does not apply, and § 1226(a) governs Petitioner's detention. *See Johnson*, 594 U.S. at 533 ("The parties agree that § 1226 governs the detention of aliens until § 1231's 'removal period' begins."

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see, e.g.*, *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, Petitioner had a bond hearing pursuant to 8 U.S.C. § 1226 on January 14, 2026. (Immigration Judge Order, ECF No. 4-2, PageID.37.) The Cleveland Immigration Court denied Petitioner's request for a bond, concluding that Petitioner "is a flight risk and that no amount of bond will ensure [Petitioner's] appearance at future court hearings." (*Id.*)

In his reply, Petitioner claims that the Immigration Judge erred in determining that Petitioner is a flight risk. (Reply, ECF No. 9, PageId.54–55.) Respondents argue, *inter alia*, that the Court should dismiss Petitioner's petition because Petitioner has not exhausted his administrative remedies. (Resp., ECF No. 4, PageID.18–21.) Although Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner's specific claims involve challenges to the immigration judge's factual determinations in the bond decision. Petitioner does not argue that the procedures of the bond hearing itself violated the Due Process Clause of the Fifth Amendment. Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised to the BIA. Therefore, Petitioner has not exhausted his administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

## **Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:   July 10, 2026                            /s/ Paul L. Maloney
                                                   Paul L. Maloney
                                                   United States District Judge